IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JAMES N. PHILLIPS, surviving spouse of
FANNIE JO PHILLIPS, deceased and
JAMES N. PHILLIPS, individually,

    Plaintiffs,

v.                                                                                          No. 05-1349 B

DAIMLER CHRYSLER CORPORATION,
DAIMLER CHRYSLER MOTORS
COMPANY, LLC, DAIMLER CHRYSLER
SERVICES NORTH AMERICA LLC, and
DAIMLER CHRYSLER NORTH AMERICA
HOLDING CORPORATION,

    Defendants.

---

ORDER DENYING PLAINTIFFS' MOTION TO REMAND

---

Plaintiff, James N. Phillips, individually and as the surviving spouse of Fannie Jo Phillips, initiated the instant action in the Circuit Court of Obion County, Tennessee against the Defendants Daimler Chrysler Corporation, Daimler Chrysler Motors Company LLC, Daimler Chrysler Services North America LLC, and Daimler Chrysler North America Holding Corporation (collectively as "DDC"). The action was the second filed by Phillips arising from an incident on February 3, 2004 in Union City, Tennessee in which his wife, Fannie Jo Phillips, was struck by a car, seriously injured and later died. Phillips originally filed suit against the driver of the car involved in the accident and others in state court. See Phillips et. al., v. Adams, et. al., No. 5-16 (Obion County, TN, filed Feb. 3, 2005). After the driver alleged in his answer that the car involved in the accident, manufactured by DDC, was defective and dangerous, Phillips filed the instant matter with the intent to consolidate

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on  12/30/05

the actions in state court. However, before Phillips filed a motion for consolidation, DDC removed the action to this Court based on diversity jurisdiction. On December 9, 2005, Phillips filed the instant motion to remand the action to state court. For the reasons set forth below, Plaintiff's motion is DENIED.

Removal of cases from state to federal court is governed by 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . ." 18 U.S.C. § 1441(a) (1988). A federal district court has original jurisdiction over any civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a) (2005). A defendant seeking to remove a case to federal court has the burden of proving that the jurisdictional requirements are met. See Gafford v. General Elec. Co., 997 F.2d 150, 155 (6th Cir. 1993) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921)). Further, the appropriateness of federal jurisdiction in a diversity case is determined at the time of removal. Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000).

Phillips does not contend that the matter in controversy is less than $75,000. Further, he concedes that complete diversity "'technically' exists at this time." (Mem. Supp. Pl.'s Mot. Remand ("Pl.'s Mot.") at 3.) However, Phillips argues that the Defendants were aware of his intent to consolidate the instant action with the ongoing and related matter in the Circuit Court of Obion County, Tennessee. Upon consolidation, diversity would not exist and removal would not have been proper. Despite knowledge of the intent to consolidate, Defendants removed the action to this Court.

Phillips further asserts that removal is not proper because judicial economy and justice are best served by consolidation of the related actions. Because diversity will not exist if the actions are consolidated, jurisdiction would be improper in this Court.

The Court finds Phillips argument to be without merit. As noted above, federal jurisdiction is determined at the time of removal of an action from state court. Rogers, 230 F.3d at 871. Because, at the time of removal, the parties in the instant action were diverse and the amount in controversy exceeded $75,000, jurisdiction in this Court was proper. Consequently, Plaintiff's Motion to Remand is DENIED.

**IT IS SO ORDERED** this 28th day of December, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 8 in case 1:05-CV-01349 was distributed by fax, mail, or direct printing on December 30, 2005 to the parties listed.

---

Harry Johnson
Circuit Court Clerk
Obion County Courthouse
Union City, TN 38281

J. Britt Phillips
LAW OFFICE OF J. BRITT PHILLIPS
217 2nd Ave., S.
Franklin, TN 37064

Kyle E. Crowe
CROWE LAW FIRM
P.O. Box 500
Martin, TN 38237

Joy Burns Day
SUTTER O'CONNELL MANNION & FARCHIONE, LPA
217 Second Ave, South
Franklin, TN 37064

Honorable J. Breen
US DISTRICT COURT